*Woods, Christy & Co. vs. Quarles & Thompson.*

WOODS, CHRISTY & CO. vs. QUARLES & THOMPSON.

Evidence showing that witness had paid notes to a firm, in which the individual names of the members of the firm were set out, and of the declarations of the members as to who constituted the firm, made prior to the institution of the suit, is evidence for the firm to prove the partnership.

## APPEAL from Cooper Circuit Court.

HAYDEN, *for Appellants, contended:*

1st. That the law does not require the plaintiffs to prove by positive evidence the fact that they composed the members of the firm of Woods, Christy & Co., but that the same may be proved also by circumstantial evidence, and by the admission of the members of the firm, and by general reputation.

2d. That in this case the plaintiffs gave positive and circumstantial evidence, as well as general reputation, of their being the members of the firm of Woods, Christy & Co., and which was ample and sufficient to have entitled them to a verdict in the cause.

3d. That the Court erred in not permitting the plaintiffs to read in evidence to the jury, the two notes given by the witness, Harley, to the firm, and by him paid off, &c., as stated by him in his testimony.

4th. That the Court erred in excluding from the jury, the evidence given them by the plaintiffs, and in instructing them that plaintiffs had given no evidence that they were the members of the firm of Woods, Christy & Co.

STUART & MILLER, *for Appellees, contended:*

1st. The plaintiffs did not prove that notice of protest and non-payment was given in proper time and manner to the drawees, the defendants, and without proving this, they could show no right of recovery against Quarles & Thompson.

2d. The evidence was not sufficient to establish the plaintiffs' co-partnership, under the firm and style of Woods, Christy & Co.

As to the form of notice, and manner of giving the same, see Story on Bills, p. 337-8, and Chitty on Bills, 8th ed. 364-5, and notes.

McBRIDE, J., *delivered the opinion of the Court.*

Malone & Smith made their negotiable promissory note to Quarles & Thompson, for $238 50-100, dated 6th December, 1842, payable at the bank of the State of Missouri, sixty days after date. Quarles & Thompson assigned the said note to Henry E. Moore, who assigned it to Isaac N. Bernard, who assigned it to Jarrett and Ferguson, who assigned it to Woods, Christy & Co., who assigned it to the bank. On the 7th February, 1843, the note was protested for non-payment, when the plaintiffs, becoming liable to the bank as endorsers of said note, paid the same with the costs of protest, and have brought this action to recover the amount paid by them from defendants, as prior endorsers thereof. On the trial in the Circuit Court the plaintiffs took a non-suit, with leave to move to set the same aside, and filed a motion for a new trial, for the following reasons:

1st. Because the Court excluded from the jury the evidence of the plaintiffs, as insufficient to maintain their said action against the said defendants.

2d. Because the Court sustained the motion of said defendants, to find a verdict as in the case of a non-suit.

3d. Because the Court misdirected the jury as to the law of the cause, upon the motion of said defendants.

Which being overruled, the plaintiffs excepted, and appealed to this Court.

The only question raised in the Court below, and upon the decision of which, by that Court, the plaintiffs were driven to take a non-suit, was as to the sufficiency of the evidence to prove the partnership of Woods, Christy & Co., the plaintiffs. We shall, therefore, confine our investigation to that point alone.

The evidence excluded by the Court, was that given by Gillespie and Harley, for the plaintiffs, and is of the following purport:

Gillespie testified that he had resided in St. Louis for the last twelve or fifteen years; was acquainted with the mercantile house in that city of Woods, Christy & Co., and that the sign over their door was so marked, and they continued to do business in that name until after the commencement of this action; he is personally acquainted with Wm. T. Christy, who resides in St. Louis, and the other Mr. Christy, who lives in Philadelphia, but whose christian name he does not know; he has seen Mr. Woods, who resides in Tennessee or Kentucky, but does not know his christian name. He has understood from common rumor, that the

members of the firm are William T. Christy, James C. Christy, and James Woods.

Harley testified that he was well acquainted with a mercantile house in St. Louis, and had been acquainted with it since 1840, and prior thereto, which house did business under the sign, firm, name and style of Woods, Christy & Co.; that William T. Christy, whom he knew by his proper name, lived in St. Louis; James C. Christy, whom he knew by his proper name, resided in Philadelphia; and that he personally knew Mr. Woods, who lived in Tennessee, but he could not state from his knowledge of his person that his christian name was James; that he had always understood from William T. Christy, that the firm of Woods, Christy & Co., aforesaid, was composed of the said Wm. T. Christy and James C. Christy, (whose names he knew as aforesaid,) and of the said Woods, whose name he understood was James, though he could not state that he knew personally that his christian name was James; he did not know of any change in the members of the firm until since the 28th April, 1843, but he had heard that since that time another member or partner had been taken into the firm. He further testified that on the 1st November, 1842, he purchased goods at the house of Woods, Christy & Co., aforesaid in St. Louis, to the amount of $523 76, and executed to them his promissory note for the payment thereof in the following words:

"St. Louis, Mo., Nov. 1st, 1842. Four months after date I promise to pay to the order of Woods, Christy & Co., (merchants and partners in trade, a firm composed of James Woods, William T. Christy, and James C. Christy,) five hundred and twenty-three dollars, and seventy-six cents, with interest at the rate of ten per cent. per annum, after maturity, until paid, for value received; negotiable and payable without defalcation or discount.          WILLIAM HARLEY."

That after the money in the note specified became due, he paid the same at the house, still doing business under the name and style aforesaid, to William T. Christy, who delivered to him the said note.

He further testified that on the 28th April, 1843, he again purchased of the house of Woods, Christy & Co., in said city of St. Louis, (who were still doing business as merchants at the same place, under the name, firm, style and sign of Woods, Christy & Co.,) another lot of goods, wares, and merchandize, upon credit, to the amount of $303 35, and made his promissory note for the same to said Woods, Christy & Co., of the following purport:—( *This note is similar to the one above set forth.* )

That after its maturity he paid the same to William T. Christy, at the same house, still doing business under the name and style aforesaid, and upon such payment, the said William T. Christy, delivered up to him his note.

The foregoing is all the evidence adduced by the plaintiffs to prove the partnership, except the evidence of A. P. Kelso, who testified that he was clerk in the house of Woods, Christy & Co., of St. Louis, and that the endorsement on the back of the note was in the handwriting of Wm. T. Christy; "that said William T. Christy is one of the firm of Woods, Christy & Co., of St. Louis, and that the other members of the firm are James Woods, and James C. Christy."

We are aware of the distinction which has sprung up in the country, in establishing by evidence, a partnership, where partners are plaintiffs, and where they are defendants. This distinction was adverted to by this Court in the case of Lockridge, et al. vs. Wilson, 7 Mo. R. 560. It was there held that partnerships may be proven in either of two ways, that is, by articles of agreement entered into by the partners, or by parol evidence. The first is clearly the written declaration of the parties themselves; and if a knowledge of the fact can be proved by parol, the witness could only have obtained certain information of such partnership either by the oral declarations of the partners, or by having seen their written agreement or articles of partnership. So that at last a partnership can only be established by the declarations of the partners, either written or oral; but then those declarations should have been made at a time, sufficiently anterior, or under circumstances which would divest them of the imputation or suspicion of having been made to be used as evidence in the cause pending.

But without infringing upon any rule established elsewhere, and apparently sanctioned by this Court, we are of the opinion that the evidence of Gillespie and Harley, excluded by the Circuit Court, should have been permitted to go to the jury.

Whenever the evidence conduces to establish a fact in issue, the Court usurps the province of the jury by undertaking to decide upon its weight: That such was the tendency of the evidence excluded, cannot be questioned—and when taken in corroboration with the evidence of Kelso, raised a presumption in favor of the plaintiffs which should have entitled it to the serious consideration of the jury.

The other Judges concurring herein, the judgment of the Circuit Court is reversed, and the cause remanded.